**[Cite as *State v. Nalls*, 2026-Ohio-2854.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30691 |
| Appellee | : | |
| | : | Trial Court Case No. 1989 CR 03004 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| LARRY NALLS | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 24, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,

_____
RONALD C. LEWIS, PRESIDING JUDGE

EPLEY, J., and HUFFMAN, J., concur.

LARRY NALLS, Appellant, Pro Se
MICHAEL P. ALLEN, Attorney for Appellee

LEWIS, P.J.

**{¶ 1}** Appellant Larry Nalls appeals from the Montgomery County Common Pleas Court's order denying his April 11, 2024 petition for postconviction relief. For the following reasons, we affirm the judgment of the trial court.

## I. Course of Proceedings

**{¶ 2}** In 1989, Nalls was charged with two counts of rape and one count of kidnapping. The rape charges involved allegations that Nalls had purposely compelled the victim to engage in sexual conduct with him on August 10, 1989, by force, or by threat of force. Following a trial, Nalls was convicted on both counts of rape, but acquitted of kidnapping. On direct appeal, we found no error in the convictions but reversed the judgment and remanded the matter to the trial court for resentencing, having concluded that Nalls had not been afforded his right of allocution. *State v. Nalls*, 1990 WL 174154 (2d Dist. Nov. 9, 1990).

**{¶ 3}** On remand, the trial court sentenced Nalls to serve an indefinite term of 6 to 25 years in prison on each rape conviction. The court ordered the sentences to run consecutively. On appeal, we affirmed the judgment of the trial court. *State v. Nalls*, 1991 WL 249530 (2d Dist. Nov. 7, 1991).

**{¶ 4}** On July 30, 1999, Nalls filed a motion for leave to file a motion for new trial. Nalls relied on an affidavit of John Perry, who allegedly overheard the victim bragging about putting Nalls in prison, and the recantation of trial testimony by Anthony Martin, an

2

eyewitness. Following a hearing, the trial court denied the motion for leave. We affirmed the trial court's judgment on appeal. *State v. Nalls*, 2002-Ohio-2701 (2d Dist.).

{¶ 5} In 2003, Nalls filed a petition for postconviction relief, alleging that he had recently learned of favorable evidence that had been withheld from him by defense counsel and the prosecutor. The trial court denied Nalls's petition. Nalls filed a notice of appeal from the trial court's judgment, but we dismissed the appeal as untimely filed.

{¶ 6} On April 11, 2024, Nalls filed a second petition for postconviction relief. Nalls identified sixteen "claims for relief." The State filed an answer to Nalls's petition, in which it raised res judicata as an affirmative defense. On May 1, 2024, the trial court denied the petition for postconviction relief. According to the trial court, Nalls had failed to demonstrate that he was unavoidably prevented from discovering the facts that he relied on in his petition, which concerned knowledge he had gained well before he filed the petition. The court also found that Nalls had "not shown by clear and convincing evidence that but for a constitutional error at trial, no reasonable factfinder would have found him guilty." Nalls filed a notice of appeal on November 24, 2025.

## II. Jurisdictional Issue

{¶ 7} Before we resolve Nalls's assignments of error, we must consider whether we have jurisdiction over this appeal, because the notice of appeal was not filed within 30 days of the trial court's final entry as required by App.R. 4(A)(1). To vest jurisdiction in an appellate court, a party must file a timely notice of appeal. *State v. Bray*, 2017-Ohio-118, ¶ 9 (2d Dist.). We may raise jurisdictional issues on our own motion because subject-matter jurisdiction "'may not be waived or bestowed upon a court by the parties to the case.'" *Care Risk Retention Group v. Martin*, 2010-Ohio-6091, ¶ 97 (2d Dist.), quoting *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 1997-Ohio-366, ¶ 6.

{¶ 8} "A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Steffen*, 1994-Ohio-111, ¶ 60, citing *State v. Crowder*, 60 Ohio St.3d 151 (1991). Consequently, courts have held that "App.R. 4(A)(1) and (3) control appeals from the denial of a postconviction relief petition." *State v. Brisco*, 2020-Ohio-4582, ¶ 11 (10th Dist.). As noted, under App.R. 4(A)(1), notices of appeal must be filed within 30 days after a final entry is filed.

{¶ 9} In civil cases, "if the clerk has not completed service of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service." App.R. 4(A)(3). Thus, "'the filing of a notice of appeal from the denial of a petition for post-conviction relief under R.C. 2953.21 must be made within 30 days of the entry of judgment where there is compliance with Civ.R. 58(B), or within 30 days of notice of the judgment and its entry if service is not made within the three day period of Civ.R. 58(B).'" *Brisco* at ¶ 13, quoting *State v. Williams*, 2006-Ohio-842, ¶ 6 (10th Dist.).

{¶ 10} Civ.R. 58(B) contains certain requirements, including that the court shall endorse on its judgment a direction to the clerk to serve upon all parties notice of the judgment and its date of entry upon the journal. "Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket." Civ.R. 58(B). The rule further states: "Upon serving the notice and notation of the service in the appearance docket, the service is complete."

{¶ 11} In the case before us, the trial court did not make the required endorsement on the judgment entry, and the clerk did not make a notation in the appearance docket concerning the fact that it had served the required notice. In this regard, we note that there

4

is no such notation in the docket sheet the clerk transmitted to us, nor is there any such notation in the clerk's online docket. As a result, though Nalls's notice of appeal was not filed within 30 days of the May 1, 2024 judgment, Nalls's appeal of the trial court's decision was timely. Therefore, we have jurisdiction to resolve Nalls's assignments of error.

### III. The Trial Court Did Not Abuse Its Discretion by Denying Nalls's Successive Petition for Postconviction Relief

{¶ 12} Nalls raises 19 assignments of error, which are largely based on the 16 claims for relief that he presented in his petition for postconviction relief. Based on our review of the record and applicable law, we conclude that the trial court correctly denied his petition because Nalls failed to satisfy the requirements of R.C. 2953.23(A)(1)(a) and (b), and most of his arguments are barred by the doctrine of res judicata.

{¶ 13} Generally, we review trial court's decisions granting or denying petitions for postconviction relief under an abuse-of-discretion standard. *State v. Perkins*, 2011-Ohio-5070, ¶ 16 (2d Dist.), citing *State v. Gondor*, 2006-Ohio-6679, ¶ 45. However, whether the trial court possessed subject-matter jurisdiction to entertain a petition for postconviction relief is a question of law subject to de novo review. *State v. Bethel*, 2022-Ohio-783, ¶ 20, citing *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36.

{¶ 14} Pursuant to R.C. 2953.21(A)(1)(a), "[a]ny person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable . . . may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." Nalls's 19 assignments of error are based on the 16 claims for relief he raised in his petition for postconviction relief. Many of Nalls's assignments of error are conclusory and repetitive.

5

He raises the following primary arguments in his 19 assignments of error: (1) Anthony Martin, a key eyewitness, recanted his trial testimony; (2) state authorities failed to conduct a fair and reasonable investigation; (3) the prosecutor willfully threatened and tampered with witnesses; (4) the prosecutor and defense counsel willfully conspired and colluded with each other to threaten witnesses and withhold exculpatory evidence; (5) Nalls was wrongfully imprisoned; (6) the trial court abused its discretion by denying his petition without a hearing; (7) his convictions were against the manifest weight of the evidence; (8) he was falsely arrested; and (9) the cumulative effect of errors during trial deprived him of a fair trial.

{¶ 15} The petition at issue in this appeal is Nalls's second petition for postconviction relief relating to his convictions for rape. A trial court does not have subject-matter jurisdiction to adjudicate a successive petition for postconviction relief unless one of the exceptions in R.C. 2953.23(A)(1) and (2) apply. The only possible exception that could apply in this matter is set forth in R.C. 2953.23(A)(1). That provision requires the petitioner to establish that he was either: (1) unavoidably prevented from discovering the facts upon which he relies to present his claim or (2) subsequent to the period prescribed in R.C. 2953.21(A)(2) or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner's situation and the petition asserts a claim based on that right. R.C. 2953.23(A)(1)(a). "The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder could have found him guilty." *State v. DeVaughns*, 2017-Ohio-475, ¶ 26 (2d Dist.), citing R.C. 2953.23(A)(1)(b).

{¶ 16} We agree with the trial court that Nalls's petition for postconviction relief did not satisfy the requirements of R.C. 2953.23(A)(1)(a). First, Nalls did not demonstrate that he was unavoidably prevented from discovering the facts upon which his postconviction

6

claims depended. Second, he did not allege that the United States Supreme Court had recognized a new federal or state right that applied retroactively to his situation.

{¶ 17} Nalls "bears the burden of showing that he was unavoidably prevented from discovering the evidence on which the petition relies." *State v. Johnson*, 2024-Ohio-134, ¶ 18. "A petitioner may make the required showing either by establishing a violation under *Brady* [*v. Maryland*, 373 U.S. 83 (1963)], or by demonstrating that he was previously unaware of the evidence on which the petition relies and could not have discovered it by exercising reasonable diligence." *Id.*

{¶ 18} Nalls did not explain in his April 11, 2024 petition how he was unavoidably prevented from discovering the evidence that he referenced in his petition. Most of the evidence referenced in his petition was dated prior to the date on which he filed his first petition for postconviction relief. Notably, the only supporting document actually submitted with his petition for postconviction relief is a March 28, 2024 affidavit signed by Nalls. Nowhere in Nalls's affidavit does he explain how he was unavoidably prevented from discovering the evidence that he referenced in his petition. Therefore, Nalls failed to establish that he was unavoidably prevented from discovering the facts upon which he relied to present his claims. R.C. 2953.23(A)(1)(a).

{¶ 19} We acknowledge that Nalls referenced some evidence in his petition that was dated after he filed his first petition for postconviction relief. For example, Nalls relied on the March 4, 2011 affidavit of Loretta Barton. But "R.C. 2953.23(A)(1)(a) requires a petitioner to submit evidence of specific facts beyond the supporting affidavit's date to explain why the petitioner was unable to timely obtain an affidavit from" a witness. *Johnson* at ¶ 27. The Barton affidavit is not in the record before us, so we cannot determine whether it provided specific facts to explain why Nalls was unable to timely obtain the affidavit.

Nalls's petition also identified a 2019 sexual abuse psychosocial assessment in which Nalls claims the mother of the rape victim stated that the victim had admitted she lied about being raped by Nalls. However, Nalls did not submit the alleged psychosocial assessment with his petition for postconviction relief. The lack of any evidence in support of his petition for postconviction relief is a recurring, fatal problem with Nalls's April 11, 2024 petition.

{¶ 20} Alternatively, Nalls could have met his burden under R.C. 2953.23(A)(1)(a) by establishing a *Brady* violation. To do so, Nalls was required to establish that the State had suppressed the evidence on which he relies, as is necessary for a *Brady* claim. While Nalls stated repeatedly in his petition for postconviction relief that the State had committed *Brady* violations, Nalls did not attach any affidavits establishing that the State had possessed the alleged evidence prior to Nalls's trial and that the State had not provided Nalls with the evidence before trial through the discovery process. Indeed, Nalls did not submit any affidavits or evidence detailing how and when he learned about the existence of any alleged *Brady* material. Rather, his petition simply notes that he was incorporating by reference several affidavits and pieces of evidence that were filed in another criminal case, Montgomery C.P. No. 2020 CR 1992, which involved Nalls's convictions in 2022 for illegal use of a minor in nudity-oriented material or performance; gross sexual imposition; sexual imposition; and having a weapon under disability.

{¶ 21} In Case No. 2020 CR 1992, the trial court denied Nalls's motion to consolidate that case with the criminal case before us. We affirmed that judgment on direct appeal. *State v. Nalls*, 2025-Ohio-3168, ¶ 19 (2d Dist.). Nalls also filed a motion in the current case to consolidate his two criminal cases. The trial court denied his motion to consolidate and Nalls does not challenge that decision in this appeal. As a result, the affidavits and evidence referenced in Nalls's petition that presumably were filed at some point in Case No.

8

2020 CR 1992 are not in the record before us and were not before the trial court when it ruled on Nalls's successive petition for postconviction relief.

{¶ 22} In short, our record does not contain the affidavits and evidence that Nalls unsuccessfully attempted to incorporate by reference in his second petition for postconviction relief. We acknowledge that Nalls attached the affidavits of Loretta Barton and Anthony Martin to his appellate brief in the current appeal. But "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Due to the lack of affidavits and evidence in support of his petition for postconviction relief, Nalls has failed to establish a *Brady* violation. Therefore, the trial court was without subject-matter jurisdiction to entertain Nalls's successive petition for postconviction relief. R.C. 2953.23(A)(1).

{¶ 23} There are two additional, independent bases on which we affirm the trial court's judgment. First, Nalls's failure to submit any evidence in support of his petition for postconviction relief prevented Nalls from showing by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder could have convicted him. *DeVaughns*, 2017-Ohio-475, at ¶ 26 (2d Dist.), citing R.C. 2953.23(A)(1)(b). Consequently, the trial court correctly denied Nalls's petition for postconviction relief pursuant to R.C. 2953.23(A)(1)(b).

{¶ 24} Second, most of Nalls's claims raised in his successive petition for postconviction relief are barred by res judicata. The state raised a res judicata defense in its answer to Nalls's successive petition for postconviction relief. Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter

9

of the previous action." *Grava v. Parkman Twp.*, 1995-Ohio-331, syllabus. "'Accordingly, if the claims brought in a second petition for post-conviction relief are ones that were or could have been brought in an earlier petition for post-conviction relief, a trial court does not abuse its discretion in denying the second petition for post-conviction relief on the basis of res judicata.'" *State v. Weber*, 2020-Ohio-4851, ¶ 15 (2d Dist.), quoting *State v. Finfrock*, 1998 WL 726478, *5 (2d Dist. Oct. 16, 1998).

**{¶ 25}** Most of the arguments Nalls raised in his April 11, 2024 petition were or could have been raised in prior proceedings. For example, (1) his manifest weight and cumulative error arguments were or could have been raised on direct appeal from his convictions; (2) his arguments regarding Anthony Martin's recantation were raised in his 1999 motion for leave to file a motion for new trial and could have been raised in his 2003 petition for postconviction relief; and (3) his arguments regarding the withholding of exculpatory evidence were or could have been raised in his 2003 petition for postconviction relief. Consequently, the trial court's denial of Nalls's second petition for postconviction relief is also supported by the doctrine of res judicata.

**{¶ 26}** Finally, Nalls states that the trial court abused its discretion by failing to hold a hearing before denying his April 11, 2024 petition for postconviction relief. We do not agree. "According to the postconviction relief statute, a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing." *State v. Calhoun*, 1999-Ohio-102, ¶ 13, citing *State v. Cole*, 2 Ohio St.3d 112 (1982). Rather, "[b]efore granting a hearing on a petition . . . , the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(D). Moreover, R.C. 2953.23(A) states that regardless of whether a hearing is held, a trial court may not consider a successive petition for postconviction relief if the petitioner failed to satisfy

10

R.C. 2953.23(A)(1) or (2). Given that Nalls failed to satisfy the requirements of R.C. 2953.23(A)(1) or (2) and failed to submit any evidence to establish a substantive ground for relief, we cannot conclude that the trial court abused its discretion by denying Nalls's April 11, 2024 petition for postconviction relief without holding a hearing.

**{¶ 27}** The assignments of error are overruled.

## IV.    Conclusion

**{¶ 28}** Having overruled the assignments of error, we affirm the judgment of the trial court.

. . . . . . . . . . . . .

EPLEY, J., and HUFFMAN, J., concur.